United States District Court
Southern District of New York
----------------------------------------------------------x
Coventry Enterprises LLC, a Delaware        Case No. 14-cv-3750 (RJS)
Limited Liability Company,
Plaintiff,

v.

Dutch Gold Resources, Inc., a
Nevada corporation,
Defendant.
----------------------------------------------------------x

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff, Coventry Enterprises, LLC ("Coventry"), submits the following points and authorities in support of its motion for a default judgment against defendant, Dutch Gold Resources, Inc., a Nevada corporation ("DGRI").

The procedural facts are simple. The Complaint and Summons were served by hand delivery on DGRI's agent for service of process on June 4, 2014. See DE 4. The Court ordered Coventry to file a request for a default judgment and to serve DGRI with that Order. See DE 8. As ordered, Coventry immediately served that Order on DGRI at the same agent for service of process address and at its principal place of business as set forth in DGRI's filings with the Securities and Exchange Commission. See DE 9.

DGRI has not responded to the Summons and Complaint and its time to do so has expired. Pursuant to Coventry's request, the Clerk entered its Certificate of Default on August 18, 2014. See DE 13, a true and correct copy of which is attached to the Declaration of Yacov (Jack) Bodenstein at **Exhibit 6**.

1

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 55(b) (2); and Local Rules 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York.

Upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Pope v. United States,* 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944); *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). *See also* 10 Wright & Miller, *Federal Practice and Procedure* § 2688, at 280, 284 (1973).  Support for this general rule is found in Rule 8(d) of the Federal Rules of Civil Procedure which reads:  "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." *See D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir. 2006); *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002); *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977); *Adkins v. Teseo* 180 F.Supp.2d 15, 17 (D.D.C. 2001). A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint.  *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 107 (2d Cir. 2006); *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002); *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

The allegations in the Complaint are simple and straight forward:

## COMMON ALLEGATIONS

1. On March 18, 2011, Plaintiff wired to Defendant $47,500 in exchange for and pursuant to the terms of the Note in the principal amount of $50,000.  The difference between the amount wired and the principal balance of the Note was to constitute original issue discount, to compensate Plaintiff in part for fees and in part for making a loan for a one year term without interest.

2. On or around March 17, 2012, the Note matured and the $50,000 Note became due, without interest. Plaintiff made demand on Defendant for repayment of the Note on many occasions thereafter, but Defendant failed and refused to repay the Note.

3. On March 13, 2014, Plaintiff exercised its right to convert $17,500 of principal owing on the Note into 134,615,385 shares of DGRI common stock, as reflected at **Exhibit 2**. On May 13, 2014, Plaintiff exercised its right of conversion under section 2.1 of the Note with respect to $31,500 of the principal balance owing on the Note, as reflected in **Exhibit 3.** Defendant failed and refused to comply with the Notices of Conversion.

## FIRST CLAIM FOR RELIEF

*Breach of Contract*

4. Plaintiff realleges paragraphs 1 through 12, inclusive.

5. Plaintiff, Coventry, performed all of its obligations under the Note as and when such obligations came due.

6. Defendant, DGRI, breached its obligations owed to Coventry under the Note because it has failed and refused to repay such Note when it matured March 17, 2012 or at any time thereafter, despite Plaintiff's written and verbal demands for repayment. In addition, DGRI breached its obligations under section 2.1 of the Note by failing to issue to Plaintiff 134,615,385 shares of DGRI common stock upon receipt of Plaintiff's Notice of Conversion dated March 13, 2014; and failing to issue to

Plaintiff 42,956,498 shares of DGRI common stock upon receipt of Plaintiff's Notice of Conversion dated May 13, 2014.

7. DGRI's conduct is wrongful, improper and unauthorized.

8. DGRI's breach of the Note has directly and proximately caused Plaintiff damages as follows:

   a. The loss of 177,571,883 shares of DGRI common stock, which would have generated sales proceeds in an amount exceeding $500,000, had they been delivered timely;

   b. The loss of the principal balance of $1,000, after deduction for the $17,500 converted March 13, 2014 and $31,500 converted May 13, 2014;

   c. Interest on the principal balance of $50,000 from the maturity date, March 17, 2012, until paid at the applicable statutory rate; and

   d. Attorneys' fees and costs to be paid to the prevailing party in this action pursuant to section 5.5, 5.6 and 5.7 of the Convertible Note.

## SECOND CLAIM FOR RELIEF

*Money Had and Received*

9. Plaintiff realleges paragraphs 1 through 17, inclusive.

10. DGRI received from Coventry $47,500 or around March 18, 2011.

11. DGRI has failed and refused to repay the $47,500 to Coventry.

As the Declaration of Jacov Bodenstein explains, the failure of DGRI to honor Coventry's conversion notices caused Coventry to lose at least $230,843. Taken as true, these allegations establish that Coventry is entitled to a judgment for $246,263, plus $.25 per day after August 13, 2014 until paid, including interest of $4,963, attorneys' fees and costs of $9,457, principal owed of $1000, and lost profits from the sale of DGRI stock of $230,843.

Attorneys' fees and costs are expressly provided for to the prevailing party in this action pursuant to section 5.5, 5.6 and 5.7 of the Convertible Note. Plaintiff has incurred and paid, and is entitled to recover, attorneys' fees and costs incurred in the collection of the Judgment, in an amount not less than $9,457. A summary of the invoices, by date, fees, costs and totals, together with a true and correct copy of the underlying bills that were paid by the Plaintiff and an estimate of the unbilled charges to be paid by plaintiff are attached to the Declaration of Stanley C. Morris, filed herewith, at **Exhibit 2**.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that the action is between citizens of the United States and citizens of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Venue is proper in this District pursuant to 28 U.S.C. §1391(a), in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property which is the subject of the action is situated and it is the exclusive district in which the parties agreed that the claims hereafter set forth can be brought pursuant to section 5.6 of the Note.

Based on the foregoing, plaintiff requests and is entitled to the entry of Default Judgment against defendant, Dutch Gold Resources, Inc. in the amount of $246,263, plus $.25 per day after August 13, 2014 until paid, in the form attached to the Morris Declaration at **Exhibit 3**.

Dated:  August 25, 2014    CORRIGAN & MORRIS, LLP

By:  /S/ Stanley C. Morris
      Stanley C. Morris
      Corrigan & Morris LLP
      201 Santa Monica Blvd., Suite 475
      Santa Monica, CA 90401
      (310) 394-2828 Tel.
      (310) 394-2825 Fax